UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEBBIE K. "DEB" GRUVER,

    Plaintiff,

    v.

GIDEON CODY,

    Defendant.

Case No. 23-1179-DDC-GEB

## PHASED SCHEDULING ORDER

On January 3, 2024, U.S. Magistrate Judge Gwynne E. Birzer conducted a scheduling conference in accordance with Fed. R. Civ. P. 16. Plaintiff Deb Gruver appeared through counsel Blake Shuart, by phone. Defendant Gideon Cody appeared through counsel Jennifer Hill and Edward Keeley, by phone.

Following is a brief summary of the nature of the case:

In August, 2023, Plaintiff worked as a journalist at the Marion County Record in Marion, Kansas. On August 11, 2023, Plaintiff was at work when Defendant executed a search warrant at her place of work. Defendant took Plaintiff's cell phone as part of his search and collection of evidence. Plaintiff contends that the taking of her cell phone constitutes an illegal search and seizure and a violation of the first amendment right to free speech. Plaintiff's cell phone was returned to her five days later. All claims in this lawsuit are assert through 42 U.S.C. § 1983. Defendant contends that all evidence obtained from parties and witnesses on August 11, 2023 were confiscated as part of a lawful criminal investigation coordinated by multiple law enforcement agencies. Defendant asserts that qualified immunity precludes the claims asserted by Plaintiff. Defendant further contends that Plaintiff sustained no damages as a result of not having her cell phone for a few days.

After consultation with the parties, the court enters this phased scheduling order, summarized in table that follows.

**Phase I**

The purpose of Phase I is to allow the parties the opportunity to gather the discovery necessary to conduct a meaningful mediation. Phase I will consist of the following deadlines:

**1.     Protective Order**

Discovery may be governed by a protective order. If the parties agree on the need for, scope, and form of such a protective order, they must confer and then submit a jointly proposed protective order by **January 10, 2024**. This proposed protective order should be drafted in compliance with the guidelines available on the court's website:

[https://ksd.uscourts.gov/file/919](https://ksd.uscourts.gov/file/919)

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of particular facts that provide the court with an adequate basis upon which to make the required good cause finding pursuant to Fed. R. Civ. P. 26(c).  A pre-approved form protective order is available on the court's website:

[https://ksd.uscourts.gov/civil-forms](https://ksd.uscourts.gov/civil-forms)

If the parties disagree on the need for, scope, and/or form of a protective order, the party or parties seeking such an order must file an appropriate motion and supporting memorandum, with the proposed protective order attached, by **January 10, 2024.**

**2.     Discovery**

The parties should focus on completing discovery necessary for a meaningful mediation prior to the mediation deadline below.  Discovery focused on mediation must be commenced or served in time to be completed by **March 22, 2024.**

**a.** The parties already served Fed. R. Civ. P. 26(a)(1) initial disclosures regarding witnesses, exhibits, damages, and insurance. To facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without the need for formal requests for production, they will exchange copies of the documents described in their Rule 26(a)(1) disclosures by **January 17, 2024**. Supplementations of initial disclosures must be served at such times and under such circumstances as required by Fed. R. Civ. P. 26(e). In addition, such supplemental disclosures must be served 40 days before the deadline to complete discovery so as to identify all witnesses and exhibits that probably will be or even might be used at trial so that the opposing party can decide whether to pursue follow-up discovery before the time allowed for discovery expires. Witnesses or other information included in a party's final Fed. R. Civ. P. 26(a)(3) disclosures that did not previously appear in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto presumptively will be excluded from evidence under Fed. R. Civ. P. 37(c)(1).

**3. Mediation**

After discussing ADR during the scheduling conference, the court determined that settlement potentially would be enhanced by early mediation. The parties agree that some initial discovery will be beneficial to conduct prior to mediation but they do not seek a delay in mediation until a complete close of discovery. Toward that end, by **February 2, 2024** the parties must file a joint notice stating the full name, mailing address, and telephone number of the mediator they selected, along with the firmly scheduled date, time, and place of mediation. Absent further order of the court, mediation is ordered no later than **April 5, 2024**. Defense counsel must file an ADR report within 14 days after any scheduled ADR process, using the form on the court's website: *http://www.ksd.uscourts.gov/adr-report/.*

**4.     Status Conference**

    **a.**     Pursuant to Fed. R. Civ. P. 16(a), a status conference is scheduled for **April 30, 2024 at 9:30 a.m.**, in the U.S. Courthouse, Room 326, Wichita, Kansas.

**Phase II**

Phase II will consist of the following additional deadlines:

**1.     Discovery**

    **a.**     All additional discovery must be commenced or served in time to be completed by **October 18, 2024**.

    **b.**     The parties agree that principles of comparative fault do not apply.

    **c.**      Expert disclosures required by Fed. R. Civ. P. 26(a)(2) must be served as follows: Plaintiff will disclose experts by **June 7, 2024**; Defendant will disclose experts by **August 9, 2024** and all rebuttal experts must be disclosed by **September 13, 2024**. The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before raising those objections in a pre-motion conference with the court pursuant to D. Kan. Rule 37.1(a).

    **d.**     The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are appropriate in this case. The parties must complete all physical or mental examinations under

Fed. R. Civ. P. 35 by **July 12, 2024**. If the parties disagree about the need for or scope of such an examination, a formal motion must be filed sufficiently in advance of this deadline to allow the motion to be fully briefed and decided by the court, and the examination conducted, all before the deadline expires.

    **e.**    The court considered the following discovery problem(s) raised by one or more of the parties: The parties do anticipate that there will be a significant amount of work in discovery performed through subpoena. Multiple third parties are the custodians of relevant and discoverable information.

    **f.**    Consistent with the parties' agreement, electronically stored information (ESI) in this case will be handled as follows:

> The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's guidelines for the discovery of ESI. The parties agree to be fully knowledgeable and aware of the devices their clients maintained electronic data on and plan to discuss their plans to retrieve and store ESI relevant to the claims and defenses at issue.

> The parties agree that in responding to an initial Federal Rule of Civil Procedure 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to collection and production in discovery and filter out ESI that is not subject to discovery. The parties agree that they will exchange keyword search terms. The parties further agree that this Order is not intended to limit the scope of the parties' requests for production of documents and other discovery requests, but it applies only to ESI.

> Currently, the parties plan to produce their production in PDFs. Depending on volume production, different file types (e.g., Tiffs, native format) may not be necessary, however, the parties reserve the right to request different file types, meet and confer, and engage in motion practice on this matter.

    **g.**    Consistent with the parties' agreement, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:

> The parties have agreed on the need for a protective order in this case. Consistent with the Guidelines for Agreed Protective Orders for the District of Kansas, the parties'

5

protective order shall address disclosure of privileged materials. Any party withholding responsive information from discovery on the basis of a privilege must timely serve a privilege log consistent with Fed. R. Civ. P. 26(b)(5)(A) and the case law in this District.

**h.** To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the court adopts as its order the following procedures agreed to by the parties and counsel:

a. As to any discovery dispute, the lead lawyers will try to resolve by telephone.
b. Each parties' counsel will copy all the emails to the email distribution group provided by the other party.
c. A party will not notice a deposition or a hearing date without first making a reasonable effort to confer with the other party's counsel to determine availability.
d. All deposition exhibits will be numbered sequentially regardless of the identity of the deponent or the side introducing the exhibits. The same numbers will be used in pre-trial motions.

**i.** No more than 15 depositions may be taken by plaintiff, and no more than 15 depositions may be taken by defendant. Each deposition must be limited to 4 hours except for the deposition(s) of parties which must be limited to 7 hours. All depositions will be governed by the written guidelines on the court's website: *https://ksd.uscourts.gov/file/843*

**j.** The parties do consent to electronic service of disclosures and discovery requests and responses. *See* Fed. R. Civ. P. 5(b).

**k.** The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1. Accordingly, the parties and counsel are reminded of their important obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests, responses, and objections and that the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

**2.     Motions**

    **a.**     Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **May 17, 2024**.

    **b.**     All potentially dispositive motions (e.g., motions for summary judgment), must be filed by **December 20, 2024**. The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

    **c.**     Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute. The parties should follow the summary-judgment guidelines available on the court's website: *https://ksd.uscourts.gov/file/326*.

    **d.**     All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed **42 days prior to trial unless a *Daubert* challenge encompasses a dispositive issue, then December 20, 2024**.

    Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the court to arrange a telephone conference with the judge and opposing counsel. The email request, preferably in a joint submission, must include a brief, nonargumentative statement of the nature of the dispute; the estimated amount of time needed for the conference, and suggested dates and times; and any preference for conducting the conference in person or by phone. The court will typically grant the

request and contact the parties to arrange the conference within a few days. The court will inform the parties whether any additional information should be submitted or filed in advance of this conference. Unless otherwise requested by the court, no disputed discovery-related motion, material, or argument should be filed or submitted prior this telephone conference. *See* D. Kan. Rule 37.1(a).

**For purposes of complying with the "meet and confer" requirements, the Court construes the term "confer" to require more than mere email communication. The parties, in person and/or through counsel, shall have verbal communications with each other; that is, they must first actually *talk* with each other about their discovery disputes, and then contact the Court for a discovery conference, before filing a motion to compel or similarly related discovery motion.**

**e.** To avoid unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(c).

**f.** Page limitations for principal briefs, responses, and replies must comply with D. Kan. Rule 7.1.

**3. Pretrial Conference, Trial, and Other Matters.**

**b.** Pursuant to Fed. R. Civ. P. 16(a), a pretrial conference is scheduled for **November 15, 2024 at 11:00 a.m. via Zoom.** Attorneys wishing to appear by phone may request permission to do so by sending an e-mail to chambers 7 days before the conference; however, the judge may require all parties to appear in person if the pretrial order is not in the appropriate format or other problems require counsel to appear in person. No later than **November 8, 2024**, defense counsel

must submit the parties' proposed pretrial order in Word format as an attachment to an e-mail sent to *ksd_birzer_chambers@ksd.uscourts.gov*. The proposed pretrial order must not be filed with the clerk's office. It must be in the form available on the court's website:

*https://ksd.uscourts.gov/civil-forms*

    **c.**    The parties expect the jury trial of this case to take approximately **5** trial days. This case is set for trial beginning on **September 2, 2025 at 9:00 a.m.** in Wichita, Kansas. Unless otherwise ordered, this is not a "special" or "No. 1" trial setting. Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin. The trial setting may be changed only by order of the judge presiding over the trial.

    **d.**    If at any time the parties wish to consent to trial by a U.S. Magistrate Judge, they must email the Clerk's Office their signed form, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" available on the court's website at:

*https://ksd.uscourts.gov/civil-forms*

    **e.**    This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated January 3, 2024, at Wichita, Kansas.

                                                s/ Gwynne E. Birzer
                                                GWYNNE E. BIRZER
                                                U.S. Magistrate Judge

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| **PHASE I** | |
| Jointly proposed protective order submitted to court | **January 10, 2024** |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | **January 10, 2024** |
| Joint mediation notice | **February 2, 2024** |
| Mediation discovery complete | **March 22, 2024** |
| Mediation completed | **April 5, 2024** |
| ADR Report | **14 days after mediation** |
| **PHASE II** | |
| Motions to amend | **May 17, 2024** |
| Plaintiff's Experts disclosed | **June 7, 2024** |
| Physical and mental examinations | **July 12, 2024** |
| Defendant's Experts disclosed | **August 9, 2024** |
| Rebuttal experts disclosed | **September 13, 2024** |
| Supplementation of initial disclosures | **40 days before the deadline to complete all discovery** |
| All discovery completed | **October 18, 2024** |
| Proposed pretrial order due | **November 8, 2024** |
| Pretrial conference | **November 15, 2024 at 11:00 a.m. via Zoom** |
| Potentially dispositive motions (e.g., summary judgment) | **December 20, 2024** |
| Motions challenging admissibility of expert testimony | **42 days prior to trial unless a *Daubert* challenge encompasses a dispositive issue, then December 20, 2024** |
| Jury Trial @ Wichita — ETT 5 days | **September 2, 2025 at 9:00 a.m.** |