EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DEBBIE K. "DEB" GRUVER,<br><br>*Plaintiff*,<br><br>vs.<br><br>MARION COUNTY ATTORNEY JOEL ENSEY,<br>in his individual capacity, et al.,<br><br>*Defendants*. | Case No. 6:23-cv-01179-DDC-GEB |
| CHERI BENTZ,<br><br>*Plaintiff*,<br><br>vs.<br><br>CITY OF MARION, KANSAS, et al.,<br><br>*Defendants*. | Case No. 2:24-cv-02120-DDC-GEB<br>Consolidated Case No. 6:23-cv-01179-DDC-GEB |
| PHYLLIS J. ZORN,<br><br>*Plaintiff*,<br><br>vs.<br><br>CITY OF MARION, KANSAS, et al.,<br><br>*Defendants*. | Case No. 2:24-cv-02044-DDC-GEB<br>Consolidated Case No. 6:23-cv-01179-DDC-GEB |

**PLAINTIFFS GRUVER, BENTZ AND ZORN'S SUPPLEMENTAL RESPONSE TO THEIR RESPONSES IN OPPOSITION OF DEFENDANTS' MOTIONS TO DISMISS**

COMES NOW the plaintiff, DEBBIE K. "DEB" GRUVER, through her undersigned counsel of record Blake A. Shuart of Hutton & Hutton Law Firm, plaintiff CHERI BENTZ,

through her undersigned counsel of record J. Eric Weslander of Stevens & Brand LLP, and plaintiff PHYLLIS J. ZORN, through her undersigned counsel of record Randall K. Rathbun of Depew Gillen Rathbun & McInteer LC, and submit this Supplement to their Responses in Opposition of Defendants' *Motions to Dismiss* their respective *Complaints*. Plaintiffs argue that in light of the ongoing document production – thousands of files in total – by the Special Prosecutors appointed to investigate the raids on the Marion County Record on August 11, 2023, any dismissal by this Court of any of Plaintiffs' claims should be without prejudice, with leave granted to amend, in order to include any newly obtained information in an Amended Complaint.

As argued by Plaintiffs Eric Meyer, et al., in their *Supplemental Response to Plaintiffs' Combined Response to the Defendants' Various Motions to Dismiss*, after briefing was completed on Plaintiffs' Motions, the Special Prosecutors provided Plaintiffs with over 15,000 pages of documents with an anticipated total production of over 50,000 pages, native files and hours of body camera footage and interviews yet to be obtained and reviewed by Plaintiffs. Critically, these documents and materials include transcripts of interviews of key witnesses, including some of the Defendants to these claims, which contain evidence and admissions that pertain directly to many of the issues raised by the Defendants in their motions to dismiss – including their involvement in the investigation, drafting of the search warrant affidavits and executions of the raids – that is never-before been seen or heard by the Plaintiffs.

Under Tenth Circuit law, a dismissal with prejudice is appropriate where a complaint fails to state a claim for relief under 12(b)(6) and granting leave to amend would be futile. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006). However, courts prefer to evaluate claims on their merits, and where an amendment would not be futile, a court may dismiss the claims without prejudice. *See Engle v. Trego Cnty. Juv. Ctr.*, No. 09-2459-CM-GLR, 2010 WL

11452096, at *4 (D. Kan. Mar. 25, 2010) (dismissing 1983 claims without prejudice, and granting plaintiff leave to reassert § 1983 claims in an amended complaint in order to evaluate the claims on their merits) (citing to *Brereton*, 434 F.3d at 1219 and *Walker v. United Parcel Serv., Inc.*, 240 F. 3d 1268, 1273 (10th Cir. 2001)). *See also* Plaintiffs Eric Meyer, et al., Supplemental Response citing to *McAuliffe v. Vail Corp.*, 69 F4th 1130, 1150 (10thCir. 2023) in which the 10th Circuit vacated the district court's dismissal of the plaintiffs' claims with prejudice and remanded for the district court to modify its judgment to dismissal without prejudice. Further, Federal Rule of Civil Procedure Rule 15(a) provides that leave to amend a party's complaint, "shall be freely given when justice so requires."

Plaintiffs Gruver, Bentz and Zorn certainly do not concede that any of their Complaints fail to state a claim against any of the Defendants through this Supplemental Response, but should this court ultimately grant the Defendants' Motions to Dismiss any of their claims, any such dismissal should be without prejudice in light of the arguments set out above and as further incorporated by reference in Plaintiffs Eric Meyer, et al., Supplemental Response. Given the newly-produced, relevant evidence that was not available to Plaintiffs at the time of their pleading and the briefing on these Motions, leave to amend would not be futile, and justice would require the ability to amend – any dismissal by this Court should be without prejudice.

WHEREFORE, plaintiffs DEBBIE K. "DEB" GRUVER, CHERI BENTZ, and PHYLLIS J. ZORN, respectfully request that should this Honorable Court grant Defendants' Motions to Dismiss any of their claims, any dismissal should be without prejudice, with leave to amend their respective complaints in light of the new, voluminous document production from the Special Prosecutors.

Respectfully submitted,

HUTTON & HUTTON

*/s/ Blake A. Shuart, #24463*
Blake A. Shuart, #24463
Andrew W. Hutton, #10264
J. Darin Hayes, #16755
Matthew M. Dwyer, #22492
Kaylea D. Knappenberger, #28902
8100 E. 22nd St. N., Bldg. 1200
Wichita, KS  67226
Phone: (316) 688-1166
Fax: (316) 686-1077
E-Mail: Blake.Shuart@huttonlaw.com
*Attorneys for Plaintiff*

STEVENS & BRAND LLP

*By: s/ J. Eric Weslander*
J. ERIC WESLANDER, #24549
900 Massachusetts, Suite 500
P.O. Box 189
Lawrence, Kansas 66044
Telephone ~ (785) 843-0811
Facsimile ~ (785) 843-0341
eweslander@stevensbrand.com
Attorneys for Plaintiff Bentz

DEPEW GILLEN RATHBUN & MCINTEER LC

*/s/Randall K. Rathbun*
Randall K. Rathbun #09765
8301 E. 21st Street N., Suite 450
Wichita, KS 67206-2936
(316) 262-4000
Randy@depewgillen.com
Attorneys for Plaintiff Zorn