UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ERIC MEYER, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF MARION, et al.,<br><br>    Defendants. | Case No. 24-02122-DDC-GEB |
| DEBBIE K. GRUVER,<br><br>    Plaintiff,<br><br>v.<br><br>GIDEON CODY, ET AL<br><br>    Defendant. | Case No. 23-1179-DDC-GEB |
| PHYLLIS J. ZORN,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF MARION, KANSAS,<br>ET AL<br><br>    Defendants. | Case No. 24-2044-DDC-GEB |
| CHERI BENTZ,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF MARION, KANSAS,<br>ET AL<br><br>    Defendants. | Case No. 24-2120-DDC-GEB |

**THE COUNTY DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTIONS FOR LEAVE TO FILE SUPPLEMENTAL RESPONSES TO**

1

## DEFENDANTS' PENDING MOTIONS TO DISMISS

COME NOW the defendants, Board of Commissions of Marion County, Jeff Soyez, Joel Ensey, and Aaron Christner ("the County Defendants") by and through Jeffrey M. Kuhlman of the law firm of Watkins Calcara, Chtd., their attorneys, and submit this joint response to both Plaintiffs Eric Meyer and The Hoch Publishing Company, Inc.'s (collectively referred to as "Meyer") Motion for Leave to File Supplemental Response to Defendants' Pending Motion to Dismiss (Case No. 24-2122, Doc. 75) and Plaintiffs' Deb Gruver, Cheri Bentz, and Phyllis Zorn's Motion for Leave to File Supplemental Response to Defendants' Motion to Dismiss (Case No. 24-2120, Doc. 57 and Case No. 23-1179, Doc. 62). In support of this response, the County Defendants state as follows:

### Introduction and Background

As the Court is well aware, Meyer, Gruver, Zorn, and Bentz all filed federal lawsuits alleging various constitutional violations arising out of the execution of search warrants at the Marion County Record and the home of Eric Meyer.

Gruver sued first, initially filing a Complaint solely against Marion City Police Chief Gideon Cody on August 30, 2023. (Case No. 23-1179, Doc. 1). Gruver filed a first Amended Complaint on June 20, 2024, adding Defendants Soyez and Ensey to her action. (Case No. 23-1179, Doc. 41). When Soyez and Ensey moved to dismiss Gruver's Amended Complaint, she filed a Second Amended Complaint on August 15, 2024. (Case No. 23-1179, Doc. 56). Ensey and Soyez moved to dismiss that pleading, as well, and that motion to dismiss has been fully ripe for judgment since October 2, 2024. (Case No. 23-1179, Docs. 58, 59, 60, 61).

Zorn sued second, asserting claims against the City, the County, Cody, Soyez, City Police Officer Zach Hudlin, Mayor David Mayfield, and Sheriff's Deputy Aaron Christner. Zorn filed suit on February 2, 2024. (Case No. 24-2044, Doc. 1). When all Defendants moved to dismiss Zorn's Complaint, she filed an Amended Complaint on April 8, 2024. (Case No. 24-2044, Doc. 35). All

Defendants have since moved to dismiss Zorn's Amended Complaint, and those motions have been fully ripe for judgment since July 12, 2024. (Case No, 24-2044, Docs. 53, 54, 57, 58, 60, 61, 77, 78, 80, 81, 85, 86).

Bentz sued third, asserting claims against the same Defendants as Zorn on March 29, 2024. (Case No. 24-2120, Doc. 1). When all Defendants moved to dismiss Bentz's Complaint, she filed an Amended Complaint on May 28, 2024. (Case No. 24-2120, Doc. 29). All Defendants have since moved to dismiss Bentz's Amended Complaint, and those motions have been fully ripe for judgment since July 30, 2024. (Case No. 24-2120, Docs. 38, 39, 40, 41, 52, 53, 54, 55).

Meyer sued fourth, asserting claims against the same Defendants as Zorn and Bentz on April 1, 2024. (Case No. 24-2122, Doc. 1). When all Defendants moved to dismiss the Complaint, Meyer filed an Amended Complaint on July 12, 2024. (Case No. 24-2122, Doc. 44). All Defendants have since moved to dismiss the Amended Complaint, and those motions have been fully ripe for judgment since September 20, 2024. (Case No. 24-2122, Docs. 55, 56, 57, 58, 59, 60, 63, 72, 73).[1]

While all this pleading, briefing, amending, and re-briefing was happening, the Colorado Bureau of Investigation ("CBI") was conducting a criminal investigation into the events giving rise to these lawsuits. Plaintiffs were aware of and subject to this investigation, which was public knowledge in December 2023, months before most of these actions were filed.[2] The CBI's investigative file was eventually turned over to two special prosecutors, who released a report on the matter.

Now, Plaintiffs Gruver, Zorn, Bentz, and Meyer have requested leave to file a supplemental response to the pending motions to dismiss that the various defendants have filed in their respective

---

[1] Former Marion City Councilwoman Ruth Herbel sued last, filing suit on May 28, 2024. (Case No. 24-2224, Doc. 1). The Defendants in the Herbel case moved to dismiss her claims, and those motion were granted in part, and denied in part, on October 4, 2024. (Case No. 24-2224, Doc. 50). The claims and defendants that were dismissed in the Herbel case were dismissed with prejudice for failing to state a claim under Rule 12(b)(6).

[22] *See* Zorn, Phyllis, *Colorado Agents Appear to Take Over for KBI*, Marion County Record, available at https://www.marionrecord.com/direct/updated_colorado_agents_appear_to_take_over_for_kbi+5512cbi+555044415 445443a20436f6c6f7261646f206167656e747320617070065617220746f2074616b65206f76657220666f72204b4249.

3

cases. The requests for leave arise out of the special prosecutors producing the contents of the CBI's file to the parties' attorneys. Gruver, Zorn, and Bentz's proposed supplemental response does not even address the pending motions to dismiss. They simply assert that they all believe they have stated plausible claims, but if the Court disagrees, it should dismiss their claims without prejudice so that they can try to find some new evidence in the CBI files and start over again. (Case No, 24-2120, Doc. 57-1). Meyer's proposed supplemental response similarly has little to do with the pleadings at issue in the pending motions to dismiss. Rather, the proposed supplemental response improperly cites to matters outside the pleadings, suggesting that such materials "could be" used in a future amended complaint. And, like the other Plaintiffs, Meyer requests that, if the Court grants Defendants' motion to dismiss, it does so without prejudice so that he can also try, once again, to state a claim for relief.

Notably, no Plaintiff has actually sought leave to file another amended complaint.

**Argument and Authority**

**A.     The proposed supplemental responses are irrelevant to the pending motions to dismiss and leave to file them should be denied.**

The Plaintiffs seek leave to file supplemental responses to the Defendants' pending motions to dismiss. And yet, the proposed responses do little to address those pending motions to dismiss. Meyer's proposed response references some additional evidence, while the other Plaintiffs' proposed response simply raises the possibility of additional evidence. Both proposed responses assert that any dismissal should be without prejudice, because some speculative, yet-to-be-seen future amended complaint would not be futile.

These proposed responses would be improper and unnecessary, and leave to file them should be denied. New evidence, or more accurately applied here, the hope of new evidence, is irrelevant to a motion to dismiss under Rule 12(b)(6). *Brody v. Bruner*, 2024 U.S. App. LEXIS 10652, at *23 (10th Cir. May 1, 2024) ("The new evidence Mr. Brody presented was not incorporated into his amended complaint or in a proposed amendment, and therefore was not properly before the court."). As the

4

Tenth Circuit has recognized, "[t]he nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true, and [the Court] will not consider evidence or allegations outside the four corners of the complaint." *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, n. 2 (10th Cir. 2019) (internal quotation marks and citations omitted); *see also Yellow Corp. v. Int'l Bhd. of Teamsters*, 2024 U.S. Dist. LEXIS 123954, at *18-19 (D. Kan. July 15, 2024); *Fullen v. City of Salina*, 2021 U.S. Dist. LEXIS 187856, at *3-4 (D. Kan. Sept. 30, 2021).

The proposed supplemental responses do not substantially address the allegations contained in the amended complaints at issue, nor do they address the briefing and arguments advanced in the pending motions to dismiss those amended complaints. Rather, the proposed responses relate entirely to the specter of additional evidence that the parties hope to find someday and *might* include another amended complaint in the future. Such matters, which are entirely outside of the pleadings, have no relevance to the pending 12(b)(6) motions and should not be considered by the Court in deciding the same. And so, the Court should deny leave to file the proposed supplemental responses.

**B.     Plaintiffs' motions are attempts to obtain leave to amend their complaints without satisfying the standard for such a motion.**

The reason why Plaintiffs' proposed supplemental responses are irrelevant to the pending motions to dismiss is because they are focused not on the operative complaints, but rather, on future, speculative complaints that they might file in the future. That is why the only relief sought in the proposed supplemental responses is that any dismissal be without prejudice so that, after more than a year of litigation, Plaintiffs can start with a clean slate to file new complaints. But, of course, this request is contingent. Plaintiffs stand by their amended complaints; they just ask preemptively for leave to amend in the future, just in case the Court disagrees with them.

This is not a new strategy; such contingent requests are often found at the end of responses to motions to dismiss. But whether done in a response, or a supplemental response, Courts uniformly reject that tactic. *See Sullivan v. Univ. of Kan. Hosp. Auth.*, 844 F. App'x 43, 51-52 (10th Cir. 2021). As

5

the Court has recognized:

> The Tenth Circuit has stated on numerous occasions that a bare request in response to a motion to dismiss that leave be given to amend the complaint is insufficient. It has soundly rejected granting leave to amend where a plaintiff simply made perfunctory, conditional requests in his responses to the motions to dismiss that they be allowed to amend if the court found his allegations deficient.

*Black v. Union Pac. R.R. Co.*, 2024 U.S. Dist. LEXIS 67267, at *17 (D. Kan. April 12, 2024) (internal quotation marks and citations omitted). That is precisely what Plaintiffs seek to do in their proposed supplemental responses. By asking that any dismissal be without prejudice, so that they can amend in case they find more evidence, they are seeking conditional leave to amend, without filing a proper motion to do so. *Carter v. Griffin*, 2021 U.S. Dist. LEXIS 216256, at *59 (D. Kan. Nov. 9, 2021).

Plaintiffs' proposed supplemental responses are nothing more than conditional, preemptive motions for leave to amend their operative complaints. But they do not comply with D. Kan. R. 15.1 and leave to file them should be denied.

**C.  Any dismissal should be with prejudice.**

As set forth above, Plaintiffs' proposed supplemental responses do not actually address the pending motions to dismiss, but rather, are improper requests for conditional and indefinite leave to amend their complaints some time in the future. For these reasons, the motions for leave to file the supplemental responses should be denied.

At their core, the real purpose of Plaintiffs' motions is to ask that the Court's decision on the pending motions to dismiss be of no consequence (unless they get an outcome that they like). To date, Defendants have moved to dismiss each Plaintiffs' original complaints, only to have each Plaintiff amend their complaints, necessitating additional time and resources for Defendants to move to dismiss the amended complaints. Now, Plaintiffs want *carte blanche* to repeat this cycle again and again if the Court finds any of their claims lacking. This is simply inappropriate and flies directly in the face of Fed. R. Civ. P. 1.

Plaintiffs knew full well that the CBI was investigating this matter months before they filed suit. They could have waited to file suit, but they chose not to. The CBI's investigation is not some new, revelatory development that necessitates throwing out the rules of civil procedure in favor of Plaintiffs endlessly attempting to state a claim. On the contrary, it was imminently foreseeable that the CBI's investigation would be completed, and documents would be available after suit was filed. With that in mind, the CBI files are really a red herring: the relief sought by Plaintiffs here—the ability to file and re-file claims just in case evidence is found later—could theoretically be sought in any case in which a defendant moves to dismiss a claim, and if allowed, would render Rule 12(b)(6) completely meaningless.

A dismissal under 12(b)(6) should generally be with prejudice. *Seale v. Peacock*, 32 F.4th 1011, 1027 (10th Cir. 2022); *Herbel v. Marion*, 2024 U.S. Dist. LEXIS 181750, n. 33 (D. Kan. Oct. 4, 2024). This is especially true where defendants have raised qualified immunity, which is a defense not just from liability, but from suit. *Pearson v. Callahan*, 555 U.S. 223, 231 2009). The exception to this rule, cited by all Plaintiffs, has no applicability here. That exception provides that dismissal without prejudice *may* be warranted if a proposed amendment is not futile. *Seale*, 32 F.4th at 1027. But of course, before a proposed amendment can be deemed viable—or not futile—there must first be a proposed amendment to be considered. There are no proposed amendments here, because no Plaintiff has properly sought leave to amend. Because there are no viable proposed amendments before the Court, any dismissal should be with prejudice.

## Conclusion

For the foregoing reasons, the County Defendants request that Plaintiffs' Motions for Leave to File Supplemental Responses to Defendants' Pending Motions to Dismiss be denied.

7

            WATKINS CALCARA, CHTD.

            s/  JEFFREY M. KUHLMAN
              Jeffrey M. Kuhlman, #26825
              1321 Main Street - Suite 300
              P.O. Drawer 1110
              Great Bend, Kansas 67530
              (620) 792-8231 Fax (620) 792-2775
              jkuhlman@wcrf.com
              Attorneys for Defendants, Board of Commissioners of Marion Co., Joel Ensey, Aaron Christner, and Jeff Soyez

            **CERTIFICATE OF SERVICE**

  I hereby certify that on this 5th day of November, 2024 I electronically filed the above and foregoing Response using the CM/ECF system which will send a notice of electronic filing to registered counsel.

            s/  JEFFREY M. KUHLMAN
              Jeffrey M. Kuhlman, #26825