IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEBBIE K. "DEB" GRUVER,

    *Plaintiff*,

vs.

    Case No. 6:23-cv-01179-DDC-GEB

MARION COUNTY ATTORNEY JOEL ENSEY,
in his individual capacity, et al.,

    *Defendants*.

**PLAINTIFF'S MOTION FOR LEAVE TO
FILE HER THIRD AMENDED COMPLAINT**

Plaintiff, DEBBIE K. "DEB" GRUVER, through her undersigned counsel of record, respectfully moves for an Order granting her leave to file her *Third Amended Complaint instanter*. In support of her motion, plaintiff shows the Court the following good cause:

**PROCEDURAL BACKGROUND**

Ms. Gruver filed her *Second Amended Complaint* (Doc. 56) asserting claims against County Attorney Ensey and Sheriff Soyez on August 15, 2024. Defendants Ensey and Soyez filed their *Motion to Dismiss* (Doc. 58) and supporting *Brief* (Doc. 59) on August 29, 2024. Ms. Gruver filed her *Response Brief* (Doc. 60) on September 19, 2024, and the defendants filed their *Reply* (Doc. 61) on October 2, 2024.

Subsequent to the briefing on defendants' motion Ms. Gruver and her co-plaintiffs received and began reviewing the thousands of pages of additional evidence from the Colorado Bureau of Investigation, which followed publication of the Special Prosecutors' Report (Doc. 60-1) on August 5, 2024.

The Court ruled on defendants' *Motion to Dismiss,* granting it in full through its

1

*Memorandum and Order* (Doc. 68) filed on March 28, 2025. However, the Court exercised its discretion to dismiss the action *without prejudice*. Ms. Gruver was directed to file any motion for leave to amend in compliance with D. Kan. Rule 15.1 within 20 days of the Court's Order, or by April 17, 2025.

## ARGUMENTS & AUTHORITIES

Significant additional evidence has become available since plaintiff last pled her claims – most notably, the voluminous documents from the Colorado Bureau of Investigation generated during their investigation into the matter, including lengthy interview transcripts and written reports. Ms. Gruver did move to file a supplemental brief on this basis (Doc. 62), which was denied.

D. Kan. Rule 15.1 requires a party filing a motion to amend or a motion for leave to file a pleading or other document to: (1) set forth a concise statement of the amendment or leave sought; (2) attach the proposed pleading or other document; (3) for non-*pro se* filers, attach a redlined version of the proposed amendment that shows all proposed changes to the pleading; and (4) comply with the other requirements of D. Kan. Rule. 7.1 ("Motions in Civil Cases").

### *Rule 15.1(a)*

Ms. Gruver seeks leave of Court to amend and file her *Third Amended Complaint* (copies of which are attached hereto as **Exhibit A** ("Clean" version) and **Exhibit B** ("Redlined" version)) on the following bases:

1.  She has repled her § 1983 claims against County Attorney Ensey based upon close analysis of the Court's ruling and significant additional evidence obtained through the CBI Documents, including a 75-page interview transcript of Mr. Ensey conducted by the two duly-sworn KBI Agents from the CBI. This information – unavailable at the time of

her *Second Amended Complaint* – adds significant weight to Ms. Gruver's case, specifically on the issue of whether probable cause existed to support the warrant in question.  The proposed amendment includes significant additional factual and legal allegations.

2.      She has re-pled her § 1983 claims against Sheriff Soyez, again following a close reading of the Court's ruling, to incorporate a claim for conspiracy with Chief Cody to violate Ms. Gruver's constitutional rights.  Again, additional evidence was gleaned from the CBI documents and the Special Prosecutors' Report and incorporated into the amended pleading, leading to significant additional factual and legal allegations.

3.      Having already sued Sheriff Soyez, Ms. Gruver adds two additional claims against him for (1) municipal liability (in his official capacity) as a final policymaker; and (2) violations of the Privacy Protection Act (PPA), again, in his official capacity.  These claims were added based upon a close review of the Court's ruling in Ms. Gruver's case and the cases filed by her co-plaintiffs.

4.      Ms. Gruver adds timely claims against Det. Christner for violation of her constitutional rights in procuring an unlawful warrant.  Again, these claims – which are well within the statute of limitations – are being pled following a close review of the Court's rulings in this litigation.

### Are Ms. Gruver's Proposed Amendments Futile?

Ms. Gruver respectfully submits that a review of her proposed amendment should lead to the conclusion that her proposed amendments are not futile.  Her amended claims against County Attorney Ensey were strengthened significantly due to the additional evidence available and close analysis of the Court's ruling in granting Mr. Ensey's motion to dismiss.  Her amended claims against Sheriff Soyez for conspiracy with Chief Cody to violate her constitutional rights contain numerous supporting allegations, as do her new

claims against him for his acts as a final policymaker and his violations of the PPA.  Lastly, Ms. Gruver's new well-pled claim against Det. Christner has significant support in her proposed pleading and is timely within the two-year statute of limitations which applies to her claims.  Ms. Gruver respectfully submits that the parties would benefit – notwithstanding the additional labor and expense required – from a full opportunity to brief a new anticipated motion to dismiss on all of her claims, rather than simply debating the "futility" issue in the briefing on the instant motion.

### *Was There Undue Delay?*

The concept of undue delay impacting a party's ability to amend was referenced by the Court on p. 22 of its *Memorandum and Order* (Doc. 68).  The Court cites to the *Minter* case from this Circuit for the concept that "denial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay." Doc. 68 at p. 22; citing *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1206 (10th Cir. 2006).  Ms. Gruver submits that the facts in *Minter* – under which the plaintiff should still have been allowed to amend, per the Tenth Circuit's ruling – are still far different from the facts at issue here.

In *Minter*, the plaintiff had originally filed suit in April 1997 in Oklahoma state court (Tulsa County) to bring personal injury claims for products liability and negligence arising from his fall off the side of a lift platform and resulting paralysis.  *Minter*, 451 F.3d at 1197-1198.  He sued the manufacturer of the lift, Economy, for failing to use reasonable care in designing, manufacturing, inspecting, and testing the scissors lift, and for failure to warn of defects in the lift.  *Id.* at 1198.  He also asserted strict liability and negligence claims against Prime Equipment, which leased, sold and serviced Economy's machinery.  *Id.*

In July 1998, the plaintiff amended his complaint to add a retailer product liability claim against Prime Equipment.  *Id.*  Four years later, the plaintiff settled with four

additional defendants and then dismissed his state court complaint against the two remaining defendants, Prime Equipment and Economy, in order to refile in federal court. *Id.* at 1199.

After refiling in the U.S. District Court for the Eastern District of Oklahoma in March 2002, plaintiff continued litigating his claims to trial. *Id.* The plaintiff did not expressly set forth a product liability claim against Prime Equipment for alteration of lift's guardrail system in his federal complaint. *Id.* The parties submitted a *Planning Meeting Report* to the District Court before trial, in June 2002, and plaintiff did not make mention of the claim there either. *Id.* at 1200. Shortly before the scheduled start of trial, Prime Equipment and Economy entered into a new joint stipulation stating that Economy was not responsible for a missing solid guardrail at the lift's entrance. *Id.* Prime Equipment then filed an evidentiary motion stating that "Plaintiff is pursuing Prime on a negligence theory only." *Id.* at 1200-1201. These positions had the possible impact of erasing plaintiff's product liability claim based upon the allegedly defective guardrail system, based upon the contents of the stipulation between the parties and Prime's position that any claim for altering the guardrail system was beyond the scope of plaintiff's ordinary negligence theory. *Id.* at 1201.

Following more activity on the case, including transfer to a new District Court Judge, the parties submitted their proposed pretrial order to the District Court in November 2003. The proposed order contained a claim by the plaintiff that Prime Equipment "materially altered the subject scissor lift by removal of the [] solid guardrail safety feature rendering the product defective and unreasonably dangerous at the time of sale." *Id.* Prime Equipment objected to this new claim. *Id.* In December 2003, three days before the start of trial, the Court issued its ruling on this new claim, striking it because it was "deemed to have never been a part of this action." *Id.* at 1202.

The plaintiff eventually settled with Economy on the courthouse steps, proceeded to trial against Prime Equipment on a failure to warn theory – unsuccessfully attempting again to insert the new claim against Prime for alterations to the lift during trial through a Fed. R. Civ. P. 15(b) motion – and lost the case, with the jury finding in favor of Prime Equipment on the sole remaining failure to warn claim. *Id.* at 1203. Plaintiff appealed, based in part upon a claim that the District Court erred by granting Prime Equipment's motion to strike the product liability claim and again denying the Rule 15(b) motion to amend the pleadings to confirm to the evidence during trial. *Id.*

The Tenth Circuit recognized "undue delay" as one of the justifications for denying a motion to amend. *Id.* at 1205 (citations omitted). The Court observed, "This Circuit…focuses primarily on the reasons for the delay," and that "denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'" *Id.*, citing *Frank v. U.S. West,* 3 F.3d 1357, 1365-66 (10th Cir. 1993) (remaining citations omitted). After a long discussion on the issue, the Court found that, under the facts at bar – including the defendant's own "dilatoriness in waiting until discovery was closed and the trial was shortly scheduled to begin to spring the fact that it was changing its position regarding a key fact in the case" – the plaintiff's alteration product liability claim could not be considered "untimely," or "unduly delayed." *Id.* at 1207.

The Tenth Circuit also analyzed the second, and "most important" factor: whether the amendment would prejudice the nonmoving party. *Id.* The Court observed, "Rule 15…was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result." *Id.* at 1207-08, citing *United States v. Hougham*, 364 U.S. 310, 316, 81 S. Ct. 13, 5 L.Ed.2d 8 (1960). Ultimately, again after a long discussion, the Court found: "Due to the rather unusual circumstances surrounding the Joint Stipulation and

Prime Equipment's objection to the pretrial order, we agree with the plaintiff that the district court's finding of prejudice was a clear error." *Id.* at 1211.

The circumstances of the *Minter* case – extreme, but hardly uncommon in the context of civil tort litigation – are vastly different from the circumstances under which Ms. Gruver seeks to amend her complaint. None of the three defendants in Ms. Gruver's proposed amended action have even undertaken fact discovery – they have been locked firmly into motion practice and attempted early dismissal, which is of course their right. Two of the three defendants, Soyez and Christner, are already facing identical claims against them (with slightly different facts) from multiple other plaintiffs and have already briefed their same defenses to the Court. While Christner's addition to the case would be new as far as Ms. Gruver goes, it is far from new in the context of this entire litigation, and her attempted claims are still well within the applicable statute of limitations. While Mr. Ensey does not face claims from any other plaintiffs in this litigation, he is already on notice of Ms. Gruver's exact claims, having already moved to dismiss them (successfully, though without prejudice).

There has been no undue delay by Ms. Gruver – she pled her claims, briefed the two original defendants' motions to dismiss, obtained new evidence that was previously unavailable, received a ruling on the defendants' motions, and now seeks to amend her suit in the very opening stages of this case to (1) add additional evidence to her suit to muster her claims; and (2) respond directly to the Court's recent ruling on the original motions. And, certainly, no prejudice would result for any defendant in having to defend these claims, since two of the three are already defending the claims in other related cases, and the third (Ensey) is already on notice of Ms. Gruver's exact claims against him.

To the contrary, Ms. Gruver would be prejudiced in not at least being allowed to

7

amend her claims so that the Court can take up any new motions to dismiss and determine whether dismissal with prejudice is appropriate in light of her new well-pled factual and legal allegations. Only through amendment and subsequent briefing on full motions to dismiss will she be allowed to fully defend her allegations from scrutiny.

## CONCLUSION

WHEREFORE, plaintiff, through her undersigned counsel of record, respectfully requests that this Honorable Court enter an Order granting her leave to file her *Third Amended Complaint instanter*. Plaintiff respectfully requests any other such relief as the Court may deem just and proper.

Respectfully submitted,

HUTTON & HUTTON

*/s/ Blake A. Shuart, #24463*
Blake A. Shuart, #24463
8100 E. 22nd St. N., Bldg. 1200
Wichita, KS  67226
Phone: (316) 688-1166
Fax: (316) 686-1077
E-Mail: Blake.Shuart@huttonlaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 17th day of April 2025, the above and foregoing *Motion for Leave to File Third Amended Complaint* was electronically filed via the Court's CM/ECF system, which will send electronic notice of filing to all counsel of record.

*/s/ Blake A. Shuart*
Blake A. Shuart, #24463