## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ERIC MEYER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 23-1179-DDC-GEB |
| | ) | |
| v. | ) | Consolidated with: |
| | ) | 24-02044-DDC-GEB |
| CITY OF MARION, KANSAS, et al., | ) | 24-02120-DDC-GEB |
| | ) | 24-02122-DDC-GEB |
| Defendants. | ) | 24-02224-HLT-GEB |

### Plaintiffs' Motion to Lift Stay on Discovery

Plaintiffs Eric Meyer and The Hoch Publishing Co, Inc., doing business as the *Marion County Record*, move this Court to lift the stay on discovery in the five Marion County raid cases considering the District Court's Orders finding that none of the Defendants who sought a stay are immune from suit—and, therefore, are not immune from discovery.

### Factual Background

Almost exactly one year ago, this Court directed the parties to show cause why the cases concerning the raids in Marion County on August 11, 2023 should not be consolidated, and to discuss a possible stay of discovery. (Order, *Meyer* Lawsuit, 24-2122, Doc. 27).

In response, the City of Marion, former Mayor David Mayfield, former Police Chief Gideon Cody, and acting Police Chief Zachary Hudlin (the "City Defendants") asked this Court to stay discovery because "[t]he City Defendants either have filed motions to dismiss, or intend to file motions to dismiss [which] will raise the defense of qualified immunity." (City Resp., *Meyer* Lawsuit, 24-2122, Doc. 39 ¶ 2). Specifically, they "request[ed] that discovery be stayed pending the resolution of their pending or forthcoming motions to dismiss." (City Resp., *Meyer* Lawsuit, 24-2122, Doc. 39 ¶ 10).

On the same day, the Board of County Commissioner, Sheriff Jeff Soyez, and Det. Aaron Christner (which referred to themselves as the "Sheriff Defendants") similarly asked this Court to stay discovery because "[t]he Sheriff Defendants either have filed motions to dismiss, or intend to file motions to dismiss [which] will raise the defense of qualified immunity." (County Resp., *Meyer* Lawsuit, 24-2122, Doc. 38 ¶ 2). Specifically, they "request[ed] that discovery be stayed pending the resolution of their pending or forthcoming motions to dismiss." (County Resp., *Meyer* Lawsuit, 24-2122, Doc. 38 ¶ 6).

After this Court consolidated the five cases stemming from the August 11, 2023 raids in Marion County, it granted the City and County Defendants' requests for a stay of discovery. (Order, *Gruver* Lawsuit, 24-1179, Doc. 53).

<u>Herbel, et al. v. Marion, et al.:</u>

On October 4, 2024, Judge Teeter granted in part and denied in part Defendants' motions to dismiss in the Herbel lawsuit, ruling that Defendants Cody, Christner, Hudlin, and the City are not immune from suit. (*Herbel* Lawsuit, 24-2224, Doc. 50).[1] In addition, the Court concluded that the Herbels have viable First Amendment and Fourth Amendment claims against the various Defendants. (*Id.*)

On April 8, 2025, Defendants filed their answers. (*Herbel* Lawsuit, 24-2224, Docs. 71, 72). The claims and Defendants in the Herbel lawsuit are currently fixed.

<u>Meyer, et al. v. Marion, et al.:</u>

On March 28, 2025, Judge Crabtree granted in part and denied in part Defendants' motions to dismiss in the lawsuit brought by Eric Meyer and the *Marion County Record*, ruling that the

---

[1] The court also ruled that Sheriff's Deputy Steve Janzen was not immune from suit, but the Herbels later voluntarily dismissed Janzen. (*Herbel* Lawsuit, 24-2224, Doc. 69).

80204459v1

City of Marion, Marion County, Gideon Cody, Zach Hudlin, Jeff Soyez, Aaron Christner, and David Mayfield are not immune from suit. (*Meyer* Lawsuit, 24-2122, Doc. 81). In addition, the Court concluded that the Plaintiffs have viable First Amendment, Fourth Amendment, conspiracy, and Privacy Protection Act claims against the various Defendants. (*Id.*)

The *Meyer* Plaintiffs did not move to further amend their complaint and on April 30, 2025, this Court denied Defendants' motion to stay their answer deadline in the *Meyer* matter and ordered Defendants to answer no later than May 30, 2025. (*Meyer* Lawsuit, 24-2122, Doc. 84). The claims and Defendants in the *Meyer* lawsuit are currently fixed.

<u>*Bentz v. Marion, et al.:*</u>

Also on March 28, 2025, Judge Crabtree granted in part and denied in part Defendants' motions to dismiss in Cheri Bentz' lawsuit, ruling that the City of Marion, Gideon Cody, and Aaron Christner are not immune from suit. (*Bentz* Lawsuit, 24-2120, Doc. 59). In addition, the Court concluded that Bentz has viable First Amendment and Fourth Amendment claims against the various Defendants. (*Id.*)

Bentz did not move to further amend her complaint following the Court's ruling on Defendants' motions to dismiss and on April 30, 2025, this Court denied Defendants' motion to stay their answer deadline in the Bentz lawsuit and ordered Defendants to answer no later than May 30, 2025. (*Bentz* Lawsuit, 24-2120, Doc. 62). The claims and Defendants in the *Bentz* lawsuit are currently fixed.

<u>*Zorn v. Marion, et al.:*</u>

Also on March 28, 2025, Judge Crabtree granted in part and denied in part Defendants' motions to dismiss in Phyllis Zorn's lawsuit, ruling that the City of Marion, Gideon Cody, Zach Hudlin, Jeff Soyez, and Aaron Christner are not immune from suit. (*Zorn* Lawsuit, 24-2044, Doc.

88.) In addition, the Court concluded that Zorn has viable First Amendment, Fourth Amendment, and Privacy Protection Act claims against the various Defendants. (*Id.*)

On April 17, 2025, Zorn moved to file a second amended complaint; "the only substantive change" in the proposed amendment is "a conspiracy claim against the Mayor [Mayfield]." (*Zorn* Lawsuit, 24-2044, Doc. 90, pp. 2-3). Because Judge Crabtree has already allowed the *Meyer* Plaintiffs to pursue their conspiracy claim against Mayfield, (*see Meyer* Lawsuit, 24-2122, Doc. 81, pp. 23-24), the scope of discovery in the consolidated cases will be the same regardless of whether Zorn's motion to amend is granted or denied.

*Gruver v. Cody, et al.:*

When this Court entered its order to show cause last year, the only claim Deb Gruver had was a claim against Gideon Cody; Cody had answered Gruver's lawsuit and the parties had begun discovery.  After this Court consolidated the cases, Gruver filed an Amended Complaint against Cody, Sheriff Jeff Soyez, and County Attorney Joel Ensey. (*Gruver* Lawsuit, 24-1179, Doc. 41). Later, Gruver dismissed her claims against Cody pursuant to a stipulation following settlement, (*Gruver* Lawsuit, 24-1179, Doc. 45), and Gruver filed a Second Amended Complaint against just Soyez and Ensey.

On March 28, 2025, Judge Crabtree dismissed all of Gruver's remaining claims, without prejudice. (*Gruver* Lawsuit, 23-1179, Doc. 68). On May 5, 2025, Gruver filed her Third Amended Complaint against Soyez, Christner, and Ensey. (*Gruver* Lawsuit, 23-1179, Doc. 74).

Judge Crabtree has already allowed the *Meyer* Plaintiffs and Zorn to pursue claims against Soyez (*see Meyer* Lawsuit, 24-2122, Doc. 81, pp. 23-24; *Zorn* Lawsuit, Doc. 88, pp. 46, 52), and has already allowed the *Meyer* Plaintiffs, Zorn, and Bentz to pursue claims against Christner. (*see Meyer* Lawsuit, 24-2122, Doc. 81, pp. 23-24; *Zorn* Lawsuit, Doc. 88, p. 25; *Bentz* Lawsuit, Doc.

4

80204459v1

59, p. 36). Accordingly, the scope of discovery in the consolidated cases as to these two Defendants will be the same regardless of whether Gruver's motion to amend to add Soyez and Christner is granted or denied.

Gruver's Third Amended Complaint contains only one claim that is not also present in one or more of the consolidated cases: a Fourth Amendment claim against Ensey. (*Gruver* Lawsuit, 23-1179, Doc. 74, p. 42). Ensey, however, is represented in the matter by Jeffrey Kuhlman, the same attorney representing the County, Soyez, and Christner. (*See Gruver* Lawsuit, 23-1179, Doc. 71) (Kuhlman signing response to motion to amend as "Attorney for Defendants Jeff Soyez, Aaron Christner, and Joel Ensey").

In sum, one year after this Court stayed discovery in the consolidated cases pending a ruling on whether Defendants were immune from suit, the District Court has determined that these Defendants are not immune from suit (and therefore not immune from discovery):

| | |
|---|---|
| City of Marion | Marion County |
| Former Mayor David Mayfield | Sheriff Jeff Soyez |
| Former Police Chief Gideon Cody | Detective Aaron Christner |
| Acting Police Chief Zachary Hudlin | |

As such, the defendants and claims are fixed.[2]

### A stay is no longer warranted

"A stay is disfavored because it can delay a timely resolution of the action." *McCoy v. Burris*, 2020 WL 1819882, at *1 (D. Kan. Apr. 10, 2020). "[T]he Tenth Circuit has warned that 'the right to proceeding in court should not be denied except under the most extreme circumstances.'" *Holroyd v. Dep't of Veterans Affs.*, 2007 WL 1585846, at *1 (D. Kan. June 1,

---

[2] The only exception is former County Attorney Joel Ensey, addressed below.

80204459v1

2007) (quoting *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)).

As a result, "[t]he general policy of this District is to continue with discovery during the pendency of dispositive motions." *Farr v. United States Gov't*, No. 22-2476-DDC-GEB, 2023 WL 34440, at *2 (D. Kan. Jan. 4, 2023). Here, however, Defendants sought a stay of discovery because defendants are "generally entitled to have immunity questions resolved before being required to engage in discovery." (County Resp., *Meyer* Lawsuit, 24-2122, Doc. 38 p. 2) (quoting *Kehler v. Ward*, 2022 WL 6993001, at *2 (D. Kan. Oct. 12, 2022)).

Now, nearly a year later, the District Court has resolved the qualified immunity motions and concluded that the City, County, Cody, Hudlin, Soyez, Christner, and Mayfield are subject to suit concerning the raids on the *Marion County Record*, the Meyer home, and the Herbel home. The Defendants did not appeal these rulings—and the time to do so has passed.

Thus, the rationale for the discovery stay no longer applies. It is settled these Defendants will be subject to discovery concerning the raids. Now, the only question is when—not if—they will be subject to discovery. "Because of that, it does not appear that any party will suffer substantial or irreparable harm, or any harm at all for that matter, in [engaging] in fact discovery in this case" at this time. *Waisanen v. Terracon Consultants, Inc.*, 2009 WL 5184699, at *2 (D. Colo. Dec. 22, 2009) (denying motion to stay discovery pending motion to dismiss). Defendants' first justification for the stay—the motions to dismiss—is no longer true.

Likewise, Defendants' second justification for the stay, *e.g.*, "[t]hese cases are in their infancy, the underlying events occurred less than a year ago, and the most recent case was filed in the past week," is also no longer true. (City Resp., *Meyer* Lawsuit, 24-2122, Doc. 39, p. 4). The

stay has been in place for nine months; each of the lawsuits has been pending for nearly a year or more; and the raids occurred almost two years ago.

The passage of time threatens the parties' ability to conduct discovery as memories fade and witnesses move on. *See Harrison v. Envision Mgmt. Holding, Inc.*, 2023 WL 4945841, at *4 (D. Colo. Aug. 3, 2023) ("imposing a stay—in the face of a long wait for resolution of the petition— may cause harm to Plaintiffs in the form of faded witness memories, stale evidence, and delayed outcomes."). For example, Defendant Cody has relocated to Hawaii, Defendant Mayfield's term as mayor has expired, and key witness and former city manager Brogan Jones moved and found a new job.

The Plaintiffs have a strong interest in timely pursuing discovery and proceeding with litigation of their claims, and the public has an interest in the timely adjudication of these fundamental constitutional issues. A continued stay is inconsistent with Plaintiffs' "'right to pursue [their] case and to vindicate [their] claim expeditiously.'" *F.D.I.C. v. Renda*, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (quoting *Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980)). The public also "has an interest in the efficient and just resolution of this case," particularly because it involves fundamental constitutional issues of the utmost importance, including the freedom of the press and the freedom from unreasonable searches and seizures. *EEOC v. Mile Hi Foods, Co.*, 2025 WL 1248283, at *4 (D. Colo. Apr. 29, 2025) (denying requested stay of discovery pending ruling on motions to dismiss). Defendants' arguments in favor of a stay are no longer applicable, and the strong interests in proceeding with litigation weigh against any continued stay.

80204459v1

**Gruver's amended complaint is not grounds to continue a stay of all discovery**

Finally, Plaintiffs acknowledge that Defendant Joel Ensey may move to dismiss the only claims against him in Gruver's Third Amended Complaint. (*Gruver* Lawsuit, 23-1179, Doc. 71). However, Ensey's possible motion to dismiss is not a sufficient reason to hold all discovery concerning all claims against all Defendants in abeyance. First, if Ensey moves to dismiss citing qualified immunity, he may move for a more tailored stay, exempting him, for example, from providing Rule 26 disclosures or providing discovery responses until any dispositive motion is resolved. Second, any concern that Ensey could be taxed by monitoring discovery even in his absence does not apply here, for Ensey is represented by Kuhlman, who will be participating in discovery on behalf of Soyez, Christner, and the County regardless of whether Ensey is an individual defendant. (*Id*. p. 1). Third, it is clear that even if Ensey is ultimately dismissed from this lawsuit, he will still be a critical witness from who the parties will wish to obtain discovery from. For example, Ensey's name is mentioned more than 25 times in the *Meyer* First Amended Complaint, (*Meyer* Lawsuit, 24-2122, Doc. 44), and his name appears an equal number of times in the City's recently-filed Answer in the Herbel lawsuit. (*Herbel* Lawsuit, 24-2224, Doc. 72).

**Conclusion**

For these reasons, Plaintiffs respectfully request that this Court lift the August 1, 2024 stay of discovery, set a scheduling conference, and order all parties to submit their initial disclosures.

80204459v1

Dated: May 9, 2025                          Respectfully submitted,

                                            By: */s/ Bernard J. Rhodes*
                                                Bernard J. Rhodes        KS #15716
                                                Emma C. Halling        KS #27924
                                                2345 Grand Blvd., Ste. 2400
                                                Kansas City, MO  64108
                                                (816) 292-2000 – Telephone
                                                  (816) 292-2001 – Facsimile
                                                  bernie.rhodes@lathropgpm.com
                                                  emma.halling@lathropgpm.com

                                                ATTORNEYS FOR PLAINTIFFS