UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DEBBIE K. GRUVER,<br><br>  Plaintiff,<br><br>v.<br><br>JOEL ENSEY, AND<br>JEFF SOYEZ,<br><br>  Defendants. | Case No. 23-1179-DDC-GEB |
| PHYLLIS J. ZORN,<br><br>  PLAINTIFF,<br><br>v.<br><br>CITY OF MARION, KANSAS,<br>DAVID MAYFIELD,<br>GIDEON CODY,<br>ZACHARIAH HUDLIN,<br>BOARD OF COUNTY COMMISSION OF<br>MARION COUNTY, KANSAS,<br>JEFF SOYEZ, AND<br>AARON CHRISTNER,<br><br>  DEFENDANTS. | Case No. 24-2044-DDC-GEB |
| ERIC MEYER, AND<br>THE HOCH PUBLISHING CO., INC.,<br><br>  Plaintiffs,<br><br>v.<br><br>CITY OF MARION, KANSAS,<br>DAVID MAYFIELD,<br>GIDEON CODY,<br>ZACH HUDLIN,<br>MARION COUNTY, KANSAS<br>BOARD OF COMMISSIONERS,<br>JEFF SOYEZ, AND<br>AARON CHRISTNER, | Case No. 24-2122-DDC-GEB |

1

DEFENDANTS.

RUTH C. HERBEL, AND
RONALD D. HERBEL,

    Plaintiffs,

v.

CITY OF MARION, KANSAS,
DAVID MAYFIELD,
GIDEON CODY,
ZACH HUDLIN,
JEFF SOYEZ,
AARON CHRISTNER, AND
MARION COUNTY BOARD OF COUNTY
COMMISSIONERS,

    Defendants.

Case No. 24-2224-HLT-GEB

## MEMORANDUM AND ORDER

Plaintiffs Eric Meyer and The Hoch Publishing Co., Inc., d/b/a the *Marion County Record* ("Record Plaintiffs") move the Court to lift the stay of discovery on the four remaining cases[1] related to the August 11, 2023 raids on the *Record* offices and other locations. For the reasons set forth below, the Court **GRANTS** Plaintiffs' Motion to Lift Stay on Discovery ("Motion") **(ECF No. 76)**.

---

[1] Since Plaintiffs' Motion was filed the parties in 24-2120-DDC-GEB *Bentz v. City of Marion, Kansas*, et al. have settled, the parties filed a Stipulation of Dismissal with Prejudice (ECF No. 66), and the case has been closed.

2

I.  **Procedural Background**

After Orders to Show Cause[2] and two show cause hearings[3] the cases regarding the raids on the *Record* office and other locations were consolidated for discovery.[4] In their responses to the Orders to Show Cause, many if not all of the Defendants, indicated motions to dismiss had been filed or were forthcoming which would assert qualified immunity as a defense. The Court set a deadline for the parties to submit position statements regarding the stay of discovery and set the matter for a hearing on August 1, 2024.[5] Following the hearing, the Court entered an Order deferring a Rule 16 conference until the pending Motions to Dismiss[6] were decided and ordered no additional discovery be permitted without further order of the Court.[7] The Record Plaintiffs filed the current Motion. Defendants Gideon Cody, David Mayfield, Zachariah Hudlin, the City of Marion, Kansas ("City Defendants"), Aaron Christner, Jeff Soyez, Joel Ensey, and the Marion County Board of County Commissioners ("County Defendants") filed their responses. And Plaintiffs filed their reply; the Motion is ripe for decision.

---

[2] *Gruver v. Cody* – 24-23-1179-DDC-GEB, ECF No. 29, *Zorn v. City of Marion, Kansas, et al.* – 24-2044-DDC-GEB, ECF No. 55, *Bentz v. City of Marion, Kansas, et al.* – 24-2120-DDC-GEB, ECF No. 24, *Meyer, et al. v. City of Marion, Kansas, et al.* – 24-2122-DDC-GEB, ECF No. 27, and *Herbel, et al. v. City of Marion, Kansas, et al.*, ECF No. 14.
[3] June 12, 2024 and August 1, 2024.
[4] 23-1179 – ECF Nos. 36 and 51, 24-2044 – ECF Nos. 79 and 87, 24-2120 – ECF Nos. 47 and 56, 24-2122 – ECF Nos. 40 and 52, and 24-2224 – ECF No. 41.
[5] Order, ECF No. 39.
[6] 23-1179 - ECF No. 48, 24-2044 - ECF Nos. 53, 57, and 60, 24-2120 - ECF Nos. 38 and 40, 24-2122 – ECF Nos. 55, 57, and 59, 24-2224 - ECF Nos. 20 and 29.
[7] Order, ECF No. 53.

**II.     Plaintiffs' Motion to Lift Stay on Discovery**

   **a.     Legal Standard**

"The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court."[8]

> It has long been the general policy in the District of Kansas not to stay discovery merely because a dispositive motion has been filed. However, there are four recognized exceptions to this policy. That is, a discovery stay may be appropriate if: (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit.[9]

Generally, defendants are entitled to have questions of immunity determined before being required to engage in "the burdens of such pretrial matters as discovery."[10] "[B]ecause qualified immunity protects against the burdens of discovery as well as trial, a district court may stay discovery upon the filing of a dispositive motion based on qualified immunity."[11]

   **b.     Discussion**

In this time since this Motion was filed, the pending Motions to Dismiss in two cases have been resolved, rulings made on the immunity of the relevant Defendants, and

---

[8] *Cetin v. Kansas City Kansas Cmty. Coll.*, No. 23-2219-KHV, 2023 WL 8188599, at *1 (D. Kan. Nov. 27, 2023) (citing *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963)).
[9] *Arnold v. City of Olathe, Kansas*, No. 18-2703-CM, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019), *objections overruled,* No. 18-2703-CM, 2019 WL 2435725 (D. Kan. June 11, 2019).
[10] *Id.* (quoting *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001).
[11] *Id.* (quoting *Stonecipher v. Valles*, 759 F.3d 1134, 1148 (10th Cir. 2014)).

remaining Defendants have filed their Answers.[12] This leaves two cases to address – *Gruver* and *Zorn*.

First, in *Gruver v. Cody* – 24-1079-DDC-GEB Plaintiff initially sued only Gideon Cody. By agreement with counsel, Plaintiff filed a First Amended Complaint adding Joel Ensey and Jeff Soyez as Defendants. Plaintiff and Cody were able to reach a settlement agreement and he was dismissed by Stipulation of Dismissal with Prejudice.[13] After Defendants Ensey and Soyez filed their Motion to Dismiss, Plaintiff filed a Second Amended Complaint.[14] The District Judge granted Defendants' Motion to Dismiss[15] the Second Amended Complaint, the action was dismissed ,and Judgment entered consistent with District Judge's Memorandum and Order.[16] Plaintiff, thereafter, filed a Motion for Leave to File Third Amended Complaint.[17] It being unopposed, Plaintiff filed her Third Amended Complaint against Aaron Christner, Joel Ensey, and Jeff Soyez.[18] Christner and Soyez filed an Answer[19] while Ensey filed a Motion to Dismiss the Third Amended Complaint[20] which remains pending as of the date of this Order.

Mr. Ensey's Motion to Dismiss raises qualified immunity. In response to this

---

[12] *Herbel, et al. v. City of Marion, Kansas, et al.* 24-2224 – Order, ECF No. 50; Answers, ECF Nos. 70 and 71. Additionally, Defendant Deputy Steve Janzen was voluntarily dismissed – Stipulation of Dismissal, ECF No. 69. *Meyer, et al. v. City of Marion, Kansas, et al.* 24-2122 – Order, ECF No. 81; Answers, ECF Nos. 85 and 86.
[13] ECF No. 45.
[14] ECF No. 56.
[15] Memorandum and Order, ECF No. 68.
[16] Judgment, ECF No. 69.
[17] Motion, ECF No. 70.
[18] ECF No. 74.
[19] ECF No. 87.
[20] ECF No. 85.

Motion, Ensey argues the stay of discovery should remain in place until all issues of qualified immunity have been resolved. Alternatively, if the Court is inclined to lift the stay of discovery, Ensey requests he be excluded from party discovery, specifically asking to be exempted from Rule 26 disclosures, requirements to respond to written discovery, and if deposed, it be as a non-party witness subject to shorter time restrictions than the deposition of a party. In the Record Plaintiffs' reply, they have no objection to Ensey's proposal.

Second, in *Zorn v. City of Marion, Kansas, et al.* – 24-2044 the District Judge granted in part and denied in part Defendants' Motions to Dismiss Plaintiff's Amended Complaint.[21] Defendant David Mayfield was dismissed from the case.[22] However, the District Judge gave Plaintiff 20 days to file a Motion for Leave to Amend.[23] Plaintiff timely did so seeking leave to add a claim for conspiracy under 42 U.S.C. § 1983 against Mayfield.[24] The Court granted Plaintiff's motion[25] and Plaintiff filed her Second Amended Complaint.[26] It is unknown at this time whether Mayfield will move to dismiss the conspiracy claim against him based upon qualified immunity.

Based on the caselaw set forth above, this Court would typically stay discovery until all motions to dismiss raising qualified immunity were decided. This, however, is not the typical case. In this matter, four cases are consolidated for discovery. Two of the four cases

---

[21] ECF No. 88.
[22] *Id.*
[23] *Id.*
[24] Motion, ECF No. 90.
[25] Order, ECF No. 95.
[26] ECF. No. 96.

6

have had all issues of qualified immunity resolved. In *Gruver*, while opposing lifting the stay, Ensey has provided a reasonable limitation on discovery to which Gruver and the Court largely agree.[27] If Defendant Mayfield files a Motion to Dismiss in *Zorn*, he will still face a very similar conspiracy claim under § 1983 in the *Meyer* case. And both Mayfield and Ensey will be fact witnesses in the consolidated case regardless of the outcome on Ensey's Motion to Dismiss or any Motion to Dismiss Mayfield may file.

In the Court's discretion, discovery will be permitted to go forward. Both Ensey in *Gruver* and Mayfield in *Zorn* will be relieved of their obligations to submit Rule 26(a) disclosures at this time. Ensey will not be required to respond to any written discovery until his Motion to Dismiss is decided. The Court will similarly accommodate Mayfield in the *Zorn* case, if asked. The parties are directed to discuss in their Rule 26(f) conference how to best proceed with discovery to promote the goals of Rule 1 while not requiring Ensey in *Gruver* and Mayfield in *Zorn* "to engage in expensive and time consuming preparation to defend the suit on the merits."[28] An Initial Order Regarding Planning and Scheduling setting deadlines will be forthcoming.

For the reasons set forth above, the Court **GRANTS** Plaintiffs' Motion to Lift Stay on Discovery **(ECF No. 76)**.

---

[27] Fed. R. Civ. P. 30(d)(1) directs a deposition is limited to 1 day of 7 hours unless otherwise stipulated or ordered by the court. The Rule provides no distinction between the deposition of parties and those of non-parties.
[28] *Arnold*, 2019 WL 2438677, at *2.

**IT IS SO ORDERED.**

Dated this 7th day of November 2025.

                                              <u>s/ Gwynne E. Birzer</u>
                                              GWYNNE E. BIRZER
                                              U.S. Magistrate Judge