# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DEBBIE K. GRUVER,

       Plaintiff,

v.

JOEL ENSEY, AND
JEFF SOYEZ,

       Defendants.

Case No. 23-1179-DDC-GEB
(Lead Case - Closed)

---

PHYLLIS J. ZORN,

       Plaintiff,

v.

DAVID MAYFIELD,
GIDEON CODY, AND
ZACHARIAH HUDLIN,

       Defendants.

Case No. 24-2044-DDC-GEB

---

ERIC MEYER, AND
THE HOCH PUBLISHING CO., INC.,

       Plaintiffs,

v.

CITY OF MARION, KANSAS,
DAVID MAYFIELD,
GIDEON CODY, AND
ZACH HUDLIN,

       Defendants.

Case No. 24-2122-DDC-GEB

81698718v1

RUTH C. HERBEL, AND
RONALD D. HERBEL,

     Plaintiffs,

v.

CITY OF MARION, KANSAS,
GIDEON CODY, AND
ZACH HUDLIN,

     Defendants.

Case No. 24-2224-HLT-GEB

## PHASED SCHEDULING ORDER

On January 8, 2026, U.S. Magistrate Judge Gwynne E. Birzer conducted a scheduling conference in accordance with Fed. R. Civ. P. 16. Plaintiffs Eric Meyer and the Hoch Publishing Co., Inc. (collectively "the Meyer Plaintiffs") appeared through counsel Bernie Rhodes and Emma Halling, by videoconference; Plaintiff Phyllis Zorn appeared through counsel Randy Rathbun, by videoconference; Plaintiffs Ruth and Ronald Herbel appeared through counsel Jared A. McClain, Tate H. Cooper, and Maxwell E. Kautsch by videoconference. Defendants City of Marion, Kansas, Gideon Cody, David Mayfield and Zach Hudlin appeared through counsel Jennifer M. Hill and Scott M. Ufford by videoconference.

Following is a brief summary of the nature of the case:

These consolidated cases relate to incidents that occurred around August 11, 2023. During that time the City of Marion, Kansas police officers and police chief executed search warrants and seized property from the office of the Marion County Record, the home of Eric Meyer and Joan Meyer, and the home of Ruth and Ronald Herbel. All Plaintiffs contend that the searches were unconstitutional and assert claims pursuant to Section 1983 and the Privacy Protection Act. The Plaintiffs contend that the searches violate the

2

First, Fourth and Fourteenth Amendments. The Defendants contend that qualified immunity precludes the claims against the individuals. The City of Marion contends that the searches were lawful and valid and that the Plaintiffs have no cause of action.

After consultation with the parties, the court enters this scheduling order, summarized in the following table:

**1.      Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court determined that settlement would not be enhanced by early mediation. By **May 8, 2026**, either (a) the parties must file all joint notice(s) stating the full name, mailing address, and telephone number of the mediator(s) they selected, along with firmly scheduled date(s), time(s), and place(s) of mediation, or (b) each party must submit a confidential settlement report by e-mail to the undersigned U.S. Magistrate Judge at *ksd_birzer_chambers@ksd.uscourts.gov.* These confidential reports must not be submitted to the presiding U.S. District Judge or filed with the Clerk's Office. These confidential reports must set forth in detail the parties' settlement efforts to date (including the amounts of offers exchanged), evaluations of the case, views concerning future settlement negotiations, overall settlement prospects, and a specific recommendation regarding mediation or any other ADR method, e.g., arbitration, early-neutral evaluation, or a settlement conference with a magistrate judge. If the parties cannot agree on a mediator and any party wants the court to select a particular mediator or other ADR neutral, then the parties may each submit up to three nominations in their confidential settlement reports; such nominations must include each nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared

81698718v1

all ethical and scheduling conflicts.  Absent further order of the court, all mediation(s) is ordered no later than **July 17, 2026**. Defense counsel must file an ADR report within 14 days after any scheduled ADR process, using the form on the court's website: *http://www.ksd.uscourts.gov/adr-report/.*

**2.      Discovery.**

      **a.**      The parties already served Fed. R. Civ. P. 26(a)(1) initial disclosures regarding witnesses, exhibits, damages, and insurance. To facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without the need for formal requests for production, they will exchange copies of the documents described in their Rule 26(a)(1) disclosures by **February 20, 2026**. Supplementations of initial disclosures must be served at such times and under such circumstances as required by Fed. R. Civ. P. 26(e). In addition, such supplemental disclosures must be served 40 days before the deadline to complete discovery so as to identify all witnesses and exhibits that probably will be or even might be used at trial so that the opposing party can decide whether to pursue follow-up discovery before the time allowed for discovery expires. Witnesses or other information included in a party's final Fed. R. Civ. P. 26(a)(3) disclosures that did not previously appear in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto presumptively will be excluded from evidence under Fed. R. Civ. P. 37(c)(1).

      **b.**      All discovery must be commenced or served in time to be completed by **November 6, 2026**.

      **c.**      The parties agree that principles of comparative fault do not apply.

4

**d.** Expert disclosures required by Fed. R. Civ. P. 26(a)(2) must be served as follows: Plaintiffs' expert disclosures will be due on **June 30, 2026**. Defendants' expert disclosures will be due on **August 31, 2026**. Plaintiffs' rebuttal experts will be due on **September 25, 2026**. The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before raising those objections in a pre-motion conference with the court pursuant to D. Kan. Rule 37.1(a).

**e.** The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are appropriate in this case. The parties must complete all physical or mental examinations under Fed. R. Civ. P. 35 by **July 31, 2026**. If the parties disagree about the need for or scope of such an examination, a formal motion must be filed sufficiently in advance of this deadline to allow the motion to be fully briefed and decided by the court, and the examination conducted, all before the deadline expires.

**f.** The court considered the following discovery problem(s) raised by one or more of the parties: None.

5

81698718v1

**g.**    Consistent with the parties' agreement, electronically stored information

(ESI) in this case will be handled as follows:

> The parties anticipate that ESI will play a significant role in the discovery phase of this case. The parties represent to the Court that they have familiarized themselves with all potential sources of ESI that might exist for their client, whether personal devices, professional workplace servers, IT professionals capable of searching each device or computer and have a working knowledge of the ability collect evidence from their clients.

> The parties further agree that all documents or other ESI produced by either party shall initially be produced in a searchable .pdf form and native format, with meta data intact.

> The parties will confer in good faith and if possible agree on ESI terms, custodians, and date ranges for ESI searches, including emails, texts, instant messages, and/or other forms of ESI. If a party believes there is ESI that is relevant that has not been produced, the parties will confer in good faith regarding the existence or nonexistence of such information.

**h.**    Consistent with the parties' agreement, claims of privilege or of protection

as trial-preparation material asserted after production will be handled as follows:

> The parties have agreed to rely on the procedures described in the protective order entered on August 14, 2024 (23-1179 – ECF No. 55).

**i.**    To encourage cooperation, efficiency, and economy in discovery, and also to

limit discovery disputes, the court adopts as its order the following procedures agreed to

by the parties and counsel:

- Before serving golden rule communications, counsel will make good faith efforts to resolve discovery disputes by telephone.

- The parties agree to use the same court reporter and videographer where possible to keep costs down.

6

- The parties agree to utilize the same deposition exhibits for all witnesses, numbering them sequentially throughout discovery in this case.

- The parties agree to serve litigation documents electronically, where possible.

- The parties agree to number their respective documents produced in discovery sequentially.

- Documents may be produced on a rolling basis, but not withheld until after depositions (i.e., the parties will not use rolling production as an excuse to sandbag one another).

**j.** No single party may serve more than **25** interrogatories, including all discrete subparts, on any other single party.

**k.** No more than **40** depositions may be taken by all plaintiffs, and no more than **40** depositions may be taken by all defendants. Depositions of named parties shall not count towards these 40-deposition limits. Each deposition must be limited to **7** hours, absent agreement by the parties. All depositions will be governed by the written guidelines on the court's website: *https://ksd.uscourts.gov/file/843*

**l.** Discovery may be governed by a protective order. The parties agreed on the need for, scope, and form of such a protective order.

They conferred and submitted a jointly proposed Unified Protective Order that is entered in 23-1179 at ECF No. 55.

**m.** The parties consent to electronic service of disclosures and discovery requests and responses. *See* Fed. R. Civ. P. 5(b).

**n.** The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and

81698718v1

inexpensive" manner mandated by Fed. R. Civ. P. 1. Accordingly, the parties and counsel are reminded of their important obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests, responses, and objections and that the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

**3.     Motions**

**a.**     Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **February 12, 2026**.

**b.**     Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the court to arrange a telephone conference with the judge and opposing counsel. The email request, preferably in a joint submission, must include a brief, nonargumentative statement of the nature of the dispute; the estimated amount of time needed for the conference, and suggested dates and times; and any preference for conducting the conference in person or by phone. The court will typically grant the request and contact the parties to arrange the conference within a few days. The court will inform the parties whether any additional information should be submitted or filed in advance of this conference. Unless otherwise requested by the court, no disputed discovery-related motion, material, or argument should be filed or submitted prior this telephone conference. *See* D. Kan. Rule 37.1(a).

81698718v1

**For purposes of complying with the "meet and confer" requirements, the Court construes the term "confer" to require more than mere email communication. The parties, in person and/or through counsel, shall have verbal communications with each other; that is, they must first actually talk with each other about their discovery disputes, and then contact the Court for a discovery conference, before filing a motion to compel or similarly related discovery motion.**

c.      To avoid unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial.  *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(c).

d.      Page limitations for principal briefs, responses and replies must comply with D. Kan. Rule 7.1.

4.      **Pretrial Conference, Trial, and Other Matters.**

a.      Pursuant to Fed. R. Civ. P. 16(a), a status conference is scheduled for **October 15, 2026 at 10:00 a.m. via Zoom.**

b.      If at any time the parties wish to consent to trial by a U.S. Magistrate Judge, they must email the Clerk's Office their signed form, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" available on the court's website at:

*https://ksd.uscourts.gov/civil-forms*

c.      This scheduling order will not be modified except by leave of court upon a showing of good cause.

81698718v1

IT IS SO ORDERED.

Dated January 8, 2026, at Wichita, Kansas.

_____                                                s/ Gwynne E. Birzer
                                                        GWYNNE E. BIRZER
                                                        U.S. Magistrate Judge

10

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Jointly proposed protective order submitted to court | **Entered at ECF No. 55.** |
| Jointly filed mediation notice(s) for all mediation(s), or confidential settlement reports to magistrate judge | **May 8, 2026** |
| Motions to amend | **February 12, 2026** |
| Mediation completed | **July 17, 2026** |
| Plaintiffs' Experts disclosed | **June 30, 2026** |
| Physical and mental examinations | **July 31, 2026** |
| Defendants' experts disclosed | **August 31, 2026** |
| Rebuttal experts disclosed | **September 25, 2026** |
| Supplementation of initial disclosures | **40 days before the deadline to complete all discovery** |
| Status conference | **October 15, 2026 at 10:00 a.m. via Zoom** |
| All discovery completed | **November 2, 2026** |

81698718v1